United States District court, District of Montana Missoula Division

| | |
|---|---|
| Thomas Alfred Lozeau III<br>　　　　　Plaintiff<br>　　v.<br>Mayor Paul Briney<br>Commissioner William Barron<br>Commissioner Gale Decker<br>Commissioner Steve Stanley<br>Sheriff Don Bell<br>Undersheriff Ben Woods<br>Judge Deborah Kim Christopher<br>Judge James Manley<br>Benjamin R. Anciaux<br>James Lapotka<br>Steven Eschen Bacher<br>Molly Owen<br>Robert J. Long<br>Jail staff<br>City of Polson<br>　　　　　Defendants | Civil Action no.<br><br>Complaint<br>Jury trial demand<br><br>MAR 02 2022<br>Clerk, U.S. Courts<br>District of Montana<br>Missoula Division |

Thomas Alfred Lozeau III was and is confined at the Lake County Jail facility located at 106 4th Ave. E. in the city of Polson state of Montana from Feb. 16th 2022 to present (plaintiff)

Defendant Paul Briney is an was at all Relevant Times Herien Mayor of the city of Polson.

Defendant Commissioner William Barron, was at all times Relevant Herein the Commissioner of Adult services for the city of Polson with the responsibility for operating and maintaining detention, Penal and correctional institutions within the city of Polson including the county Jail.

Defendant Commissioner Gale Decker was at all times relevant Herein the Commissioner of adult services for the city of Polson with the responsibility for operating and maintaining Detention, Penal and correctional institutions within the city of Polson, Including the County Jail.

Defendant Sheriff Don Bell is and was at all Relevant times Herein the sheriff, Superintendents of the County Jail for the city of Polson. as sheriff of the county Jail Defendant Don Bell manages its Day to Day operations and executes it policies.

Defendant undersheriff Ben Woods is and was at all Relevant time Herein the undersheriff, superintendent of the county Jail for the city of polson, was undersheriff of the county Jail. Defendant Ben Woods manages its day to day operations and executes its policies.

Defendant Judge Deborah Kim Christopher, and as a individual, is and was at all Relevant times Herein an employee of the county.

Defendant Judge James Manley, and as a individual is and was at all relevant times Herein an employee of the county.

Defendants Deputy county attorney for lake county and as a individual is and was at all times relevant Herein an employee of the county. (Defendant Benjamin R Anciaux)

Defendant Deputy County Attorney James Lapotka, and as a individual is and was at all times Relevant Herein an employee of the county.

Defendant Deputy county Attorney Molly Owen, and as a individual is and was at all times relevant Herein an employee of the county.

Defendant county Attorney Steven Eschenbacher and as a individual is and was at all times Relevant Herein an employee of the county.

Defendant city of polson is and was at all Relevant times Herein a municipal corporation of the state of montana.

This action arises under and is brought Pursuant to 42 USC section 1983 to remedy deprivation under color of state law, of Rights Guaranteed by the eighth and fourteenth Amendments to the united states constitutions this court has jurisdiction over this action Pursuant to 28 USC Sections 1331 and 1343. Plaintiffs claims for injuctive relief are authorized by Rule 65 of the federal Rules of civil Procedure. This cause of action arose in the District of montana, missoula Division therefore venue is proper under 28 USC section 1391 (B).

Plaintiffs has no other lawsuits dealing with the same facts involved in this action or otherwise relating to there imprisonment. the Plaintiff has exhausted all available administrative remedies within the lake county Jail. Grievances have Been filed on several occasions, most have not been responded to. Anything having to do with previous civil suits have not been addressed.

At all Relevant times Herein defendants were "Persons" for the purpose of 42 USC section 1983 and acted under color of law to Deprive the plaintiff of his constitution of rights.

A civil claim was filed against lake county in 1995 By Harry Lozeau, Douglas matt, Angela Hawkins, Reynaldo thompson and Wayne Brown. A order and Judgment was issued on october 11th 1996 upon Joint Request of the Parties for the approved and entry of a consent decree in the following form.

Having reviewed the Parties agreement and finding that it Represents a fair and resonable Resolution of the issues Pending among them, hereby apposes the following consent decree order and Judgment and Directs the entry there of as follows this Consent decree shall be an going in nature and continue in full force and effect to legally Bind the Parties from the date it is approved by the court Regardless of weather any of the named plaintiffs Resides in the Detention center at any given time. all future and current inmates of the Detention center are intended Beneficiaries of this consent decree with full Right to petition to enforce its terms in entering into this decree. Defendants acknowledged that they have carefully considered (A) the Cost of emplementing this Decree and (B) the aticipated needs of lake county in the Future for Jail space. A contempt was filed against the Lake County Jail in 1997 and again in 1999 for not complying with the consent and decree.

Todays date is Feb. 27th 2022 Lake county has still failed to improve the conditions of the Jail facility, in 1999 in an attempt to remedy problems and despite budgetery cuts. the Jail budget "went way up", from $310,000 to $530,000 a conservative estimate is $12,766,000 has been given to the Lake County Jail to improve the Jail facility. Where has that money been spent? I certainly hasn't been on the Jail, the Jail looks a lot worse now then it did in 1996. We still are dealing with:

1) Inadequate Housing and over crowding
2) Inadequate rights to Practice Religion
3) Inadequate access to law library
4) Inadequate fire safety equipment and post route
5) Inadequate medical care
6) Inadequate representation by public defenders

Relief

Adequate housing, Health care, Independant and T. Health (IHS) The Plaintiff Prays for relief for monitary damages compensetory Damages in the amount of $1,500.00 for every day spent in the lake County Jail, and Punitive damages in the amount of $1,500.000 (one million, five hundred thousand dollars) Dated this 27th day of Feb. 2022

Printed name: Thomas A Lozeau III

Signature: